UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cr-62-MOC-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| JAMIL RASHEEM WEAKS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's "Pro se Motion to Amend/Correct Judgment."[1] (Doc. No. 36).

On March 26, 2015, this Court sentenced Defendant to 30 months of imprisonment for possession with intent to distribute and distribution of cocaine base. (Doc. No. 32). When the federal sentence was imposed, Defendant was under primary jurisdiction of state authorities in North Carolina, and he was in federal custody pursuant to a writ. The judgment entered in this Court was silent as to whether any state sentence would run concurrently or consecutively to Defendant's federal sentence in this Court.

After sentencing in this Court, Defendant was returned to state authorities and this Court's judgment was filed as a detainer. On August 20, 2015, the North Carolina state court sentenced Defendant to 29-47 months of imprisonment for drug trafficking and other crimes.[2] Also, on October 19, 2015, the North Carolina state court sentenced Defendant to 60 days of imprisonment for impaired driving. The state information in Bureau of Prison records does not

---

[1] The motion was submitted as a letter from Defendant, but it was docketed as a motion to amend/correct judgment.
[2] The facts regarding Defendant's state court sentence are taken from the letter this Court received from the Bureau of Prisons on November 21, 2016.

1

indicate whether the state intended for Defendant's state sentences to run concurrent or consecutive to the federal sentence. On May 6, 2016, Defendant completed his state sentence and was released to the federal detainer to begin serving his federal sentence.

Defendant filed his pending motion to amend/correct on June 21, 2016, arguing that this Court's judgment should have ordered Defendant's state sentence to run concurrently to his federal sentence. On November 22, 2016, the Court ordered the Government to respond to Defendant's motion to amend/correct judgment, and to a letter received from the Bureau of Prisons seeking guidance from the Court as to whether Defendant's state and federal sentences are to run concurrently or consecutively. (Doc. No. 39). The Bureau of Prisons has indicated that if Defendant's federal sentence is to run concurrently to the state sentence, Defendant will be released from custody on or about May 31, 2017. If Defendant's federal sentence is to run consecutively to the state sentence, Defendant will be released from custody on or about January 14, 2018.

The Government filed its response on December 6, 2016. (Doc. No. 40). In its response, the Government contends that this Court lacks jurisdiction to amend or correct Defendant's sentence. The Court agrees. The Federal Rules of Criminal Procedure "provide[] sentencing courts with a narrow window of [14] days within which to correct arithmetical, technical, or other clear error." United States v. Shank, 395 F.3d 466, 468 (4th Cir. 2005) (internal quotation marks omitted); see FED. R. CRIM. P. 35(a). For purposes of this rule, "'sentencing' means the oral announcement of the sentence." FED. R. CRIM. P. 35(c). "Rule 35(a)[] establishes a [14]-day jurisdictional limit." Shank, 395 F.3d at 470. If a motion to amend or correct the judgment is made and the district court does not rule on the motion within the relevant time period, the motion is "effectively denied." Id. Defendant was sentenced in this Court on March 26, 2015,

and judgment was entered on April 27, 2015. Defendant's motion to amend or correct the sentence is untimely and this Court therefore lacks jurisdiction to rule on the Rule 35(a) motion seeking to include a condition that any subsequent state sentence should run concurrently or consecutively to his federal sentence.

The Government also argues on the merits that Defendant's federal sentence should run consecutively to his state sentence pursuant to 18 U.S.C. § 3584(a), which provides that multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently. The Government therefore argues that Defendant's state and federal sentences are presumed to run consecutively, pursuant to 18 U.S.C. § 3584(a). However, when Defendant was sentenced in this Court, he had not yet been sentenced in the state court. In a case with similar facts, the Fourth Circuit Court of Appeals recently "reject[ed] the government's contention that the plain language of § 3584(a) creates a presumption, in any and all circumstances, that multiple terms of imprisonment will run consecutively unless expressly stated otherwise." Mangum v. Hallembaek, 824 F.3d 98, 103 (4th Cir. 2016). The Fourth Circuit therefore remanded to the BOP so the agency could "give plenary consideration to [the prisoner's] request for nunc pro tunc designation of the [] state facility as the place for service of his federal sentence. In considering the request, the BOP shall invoke no presumption under 18 U.S.C. § 3584(a) and shall fully evaluate all relevant factors under 18 U.S.C. § 3621(b) in a fashion consistent with the views expressed in this opinion." Thus, although this Court lacks jurisdiction to address Defendant's pending motion to amend, the Court offers this as guidance to the BOP in determining whether to designate the state facility nunc pro tunc as the place for service of Defendant's federal sentence.

**IT IS HEREBY ORDERED** that Defendant's "Pro se Motion to Amend/Correct

Judgment," (Doc. No. 36), is **DENIED**.

The Clerk is instructed to mail this Order to the Bureau of Prisons.

Signed: January 5, 2017

Max O. Cogburn Jr.
United States District Judge